1 | Julie A. Ostil, Esq. (SBN 215202)
Law Office of Julie A. Ostil
2 | 2010 Crow Canyon Place
Suite 100
3 | San Ramon, CA 94583
Tel: 925.265.8257
4 | Fax: 925.905.5328
jostil@ostillaw.com
5
Attorneys for Plaintiff:
6 | ROBERT CRUZ

E-filing

**ENDORSED
FILED**

JUN - 7 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7
8
9 | UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EMC

10
11 | ROBERT CRUZ,

C V 10  2503
Case No.
Civil Rights

12 |     Plaintiff,
13 | v.
14
15 | CITY AND COUNTY OF SAN
FRANCISCO, and DOES 1-20, Inclusive;
16
    Defendants.
17
18
19
20
21

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF: DENIAL OF
DISABLED ACCESS TO PUBLIC
SERVICES, ACTIVITIES, OR
PROGRAMS; VIOLATION OF TITLE
II OF THE AMERICANS WITH
DISABILITIES ACT;
REHABILITATION ACT OF 1973,
§ 504; CALIFORNIA GOVERNMENT
CODE § 11135; CALIFORNIA CIVIL
CODE §§ 51, 52, 54 AND 54.1, AND
RELATED CODES AND
REGULATIONS**

**DEMAND FOR JURY TRIAL**

22 |     Plaintiff ROBERT CRUZ complains of defendant CITY AND COUNTY OF

23 | SAN FRANCISCO, and alleges as follows:

24 | **INTRODUCTION**

25 |     1.    This case involves the denial of reasonable accommodations to and intentional

26 | discrimination against disabled persons who attempt to access the programs, services, and

27 | activities provided by The City and County of San Francisco through the Department of

28 | Building Inspection.

LAW OFFICE OF
JULIE A. OSTIL
2010 Crow Canyon Place
Suite 100
San Ramon, CA 94583
925.265.8257
www.ostillaw.com

**Complaint for Injunctive Relief and Damages**    1

C:\Users\OWNER\Documents\work\ostil law office\cases\SFsn Francisco DBI (Housing Inspector)\pleadings\sf dbi complaint.doc

1    2.    Plaintiff seeks injunctive relief to require defendant The City and County of San
2  Francisco to modify its policies and practices to ensure that its programs, services, and activities
3  are accessible offered through the Department of Building Inspection are accessible to plaintiff
4  and other persons with disabilities on a full and equal basis. Plaintiff also seeks recovery of
5  damages for the incidents of intentional discrimination that he has already suffered. Finally,
6  Plaintiff seeks recovery of reasonable attorney fees, including litigation expenses and costs,
7  according to statute.

8

9  **JURISDICTION**

10    4.    This Court has jurisdiction of this action pursuant to 28 USC §1331 for
11  violations of the Americans with Disabilities Act of 1990 (hereinafter sometimes "ADA"), 42
12  U.S.C. §§12101, *et seq;* and pursuant to 28 USC §1343(3) for claims arising under Section 504
13  of the Rehabilitation Act of 1973. Pursuant to supplemental jurisdiction, attendant and related
14  causes of action arising from the same facts are also brought under California law, including but
15  not limited to violations of California Government Code § 11135; and Civil Code §§ 54, 54.1,
16  54.3 and 55.

17

18  **VENUE**

19    5.    Venue is proper in the Northern District of California, the judicial district in
20  which the claims have arisen, pursuant to 28 USC § 1391(b), and is properly assigned to the San
21  Francisco division.

22

23  **PARTIES**

24    6.    Plaintiff Robert Cruz is and at all times relevant to this Complaint was a
25  "physically disabled person" and a "person with disabilities," as these terms are used under
26  California law and under federal laws, including but not limited to § 504 of the Rehabilitation
27  Act of 1973 and Title II of the Americans with Disabilities Act of 1990. These terms, a
28  "physically disabled person" and a "person with disabilities," will be used interchangeably

LAW OFFICE OF
JULIE A. OSTIL
2010 Crow Canyon Place
Suite 100
San Ramon, CA 94583
925.265.8257
www.ostillaw.com

**Complaint for Injunctive Relief and Damages**                                                              2

C:\Users\OWNER\Documents\work\ostil law office\cases\San Francisco DBI (Housing Inspector)\pleadings\sf dbi complaint.doc

1  throughout this Complaint. Plaintiff is disabled as a result of Post-Polio Syndrome, which

2  significantly affects major life activities including but not limited to mobility, requiring plaintiff

3  to use a power wheelchair for mobility.

4         7.     Defendant The City and County of San Francisco is a public entity subject to

5  Title II of the Americans with Disabilities Act of 1990, the requirements of the Rehabilitation

6  Act of 1973, the requirements of California state law requiring full and equal access to public

7  facilities pursuant to Government Code §§ 11135, and to all other legal requirements referred to

8  in this Complaint.

9         8.     Plaintiff Robert Cruz made a timely Government Tort Claim to The City and

10  County of San Francisco, served on April 13, 2010. The County rejected Plaintiff's claim for

11  damages by notice dated May 17, 2010.

12

13  **FACTUAL BASES FOR COMPLAINT**

14         9.     Plaintiff Robert Cruz is a physically disabled person who requires a wheelchair

15  for mobility, and is a legally disabled person under California's disabled access statutes and

16  regulations, and under Title II of the Americans with Disabilities Act of 1990 ("ADA") and the

17  Federal Rehabilitation Act. During the period from October 1, 2009, and continuing to the date

18  of filing of this Complaint, Plaintiff Robert Cruz has been denied full and equal access to the

19  services, programs, and activities offered by Defendant due to the circumstances more fully

20  described below. Defendant has denied Plaintiff his rights to full and equal access to the San

21  Francisco Department of Building Inspection's programs, services and activities by reason of his

22  disability due to defendant's failing and refusing to make a reasonable accommodation for his

23  disability, in violation of federal and state law, including California Government Code section

24  11135, and California Civil Code sections 51, 52, 54 and 54.1, on every occasion when he has

25  made or was deterred from making use of Defendant's facilities, services, programs or activities

26  during the last two years and continuing until the present unless otherwise specified herein.

27       10.     Plaintiff is a qualified physically disabled person with Post-Polio Syndrome,

28  which severely limits his mobility and his ability to withstand cold and damp conditions without

LAW OFFICE OF
JULIE A. OSTIL
2010 Crow Canyon Place
Suite 100
San Ramon, CA 94583
925.265.8257
www.ostillaw.com

**Complaint for Injunctive Relief and Damages**                        3

C:\Users\OWNER\Documents\work\ostil law office\cases\8\San Francisco DBI (Housing Inspector)\pleadings\sf dbi complaint.doc

1   severe and disastrous consequences to his health. On October 1, 2009, plaintiff received a

2   Notice of Violation from the San Francisco Department of Building Inspection regarding the

3   alleged need to "PAINT STAIRWAY, WALLS, OVERHANGS, & TRIM" within 32 days

4   (other violations were listed which were later rescinded as erroneous by the Department).

5   Because of Plaintiff's inability to go outside during cold or rainy weather, he wrote to various

6   City officials and employees repeatedly requesting an extension of time to correct the violation

7   as an accommodation for his disability. All such requests for accommodation were denied.

8        11.    Plaintiff then retained an attorney to protect his rights. His attorney made

9   extensive further efforts on his behalf to secure for plaintiff a reasonable accommodation for his

10   disability. During the pendency of this process, the Department of Building Inspection

11   instituted enforcement proceedings against plaintiff, setting a Director's Hearing and sending a

12   Notice for this hearing directly before the Christmas holidays, on December 21, 2009. This

13   action, proceeding with enforcement proceedings despite plaintiff's good-faith efforts to work

14   with the Department to resolve the issue and the Department's continuing failure to reasonably

15   accommodate Mr. Cruz's disability, constituted retaliation and harassment against plaintiff for

16   his attempts to protect his legal rights, and constituted further intentional discrimination against

17   him as a person with a disability.

18        12.    All efforts to work with the Department to secure a reasonable accommodation

19   have failed. The Department's eventual "accommodation" consisted of insisting that plaintiff

20   complete the required work by April 1, 2010, a time well within the rainy season during which

21   plaintiff was unable to go outside to interview contractors, view the alleged violations, or

22   oversee any repair work. The Department staunchly refused to reconsider its position. The

23   Department never identified any threat to the health or safety of others in delaying the work, and

24   provided no justification for its denial of plaintiff's requested accommodation.

25        13.    On May 4, 2010, The Department issued a second Notice of Director's Hearing

26   to pursue enforcement proceedings against plaintiff, despite actual notice of plaintiff's inability

27   to meet the arbitrary deadline given the extreme danger to plaintiff's health and physical

28   condition in doing so, and despite actual notice of plaintiff's inability to physically attend the

LAW OFFICE OF
JULIE A. OSTIL
2010 Crow Canyon Place
Suite 100
San Ramon, CA 94583
925.265.8257
www.ostillaw.com

**Complaint for Injunctive Relief and Damages**                      4

C:\Users\OWNER\Documents\work\until law office\cases\S\San Francisco DBI (Housing Inspector)\pleadings\sf dbi complaint.doc

1    noticed hearing. Plaintiff was forced to appear, through his attorney, at a Director's Hearing,

2    incurring further expense, and suffering fear, humiliation, anger, and emotional distress at being

3    treated like a criminal and a second-class citizen despite his attempts to work with The

4    Department.

5          14.    During the entirety of this process, since the first Notice of Violation was issued

6    on October 1, 2010, plaintiff has suffered extreme fear, humiliation, anger, upset, and emotional

7    and physical distress due to the failure of defendant to accommodate his disability, and due to

8    the physical burden placed on him in trying to accede to the defendant's demands. Plaintiff has

9    suffered damages due to defendant's intentional discrimination.

10

11                          **FIRST CAUSE OF ACTION:**
     **DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH**
12                          **DISABILITIES ACT OF 1990**

13         14.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

14   allegations contained in Paragraphs 1 through 13 of this complaint.

15         15.    Effective January 26, 1992, Plaintiff is entitled to the protections of the "Public

16   Services" provision of Title II of the Americans with Disabilities Act of 1990. Title II, Subpart

17   A prohibits discrimination by any "public entity," including any state or local government, as

18   defined by 42 USC § 12131, section 201 of the ADA.

19         16.    Pursuant to 42 USC §12132, Section 202 of Title II, no qualified individual with

20   a disability shall, by reason of such disability, be excluded from participation in or be denied the

21   benefits of the services, programs or activities of a public entity, or be subjected to

22   discrimination by any such entity. Plaintiff was at all times relevant herein a qualified individual

23   with a disability as therein defined.

24         17.    The defendant governmental entity has failed in its responsibilities under Title II

25   to provide its services, programs and activities in a full and equal manner to disabled persons as

26   described herein above, including failing to modify its programs, services and activities to make

27   them accessible to disabled persons, including Plaintiff. As a proximate result of defendant's

28   actions and omissions, defendant has knowingly and intentionally discriminated against

LAW OFFICE OF
JULIE A. OSTIL
2010 Crow Canyon Place
Suite 100
San Ramon, CA 94583
925.265.8257
www.ostillaw.com

**Complaint for Injunctive Relief and Damages**                                          5

C:\Users\OWNER\Documents\work\ostil law office\cases\\San Francisco DBI (Housing Inspector)\pleadings\sf dbi complaint.doc

1  Plaintiff, in violation of Title II of the Americans With Disabilities Act of 1990, and of the

2  regulations adopted to implement the ADA.

3  18.    As a result of such discrimination, in violation of §202 of the ADA, Plaintiff is

4  entitled to the remedies, procedures and rights set forth in Section 505 of the Rehabilitation Act

5  of 1973 (29 USC § 794a). Plaintiff also seeks injunctive relief to require defendant to provide

6  accessible programs, services and activities, and to provide all remedies, including damages,

7  statutory attorney fees, litigation expenses and costs, including those remedies specified by

8  sections 203 and 505 of the Americans With Disabilities Act of 1990, Civil Code §§ 54, 54.1,

9  and 54.3, and by California Code of Civil Procedure § 1021.5, according to proof.

10  19.    **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and

11  omissions of defendant as complained of herein which have the effect of wrongfully

12  discriminating against Plaintiff and other members of the public who are physically disabled

13  from full and equal access to these public facilities. Such acts and omissions were the cause of

14  humiliation and mental and emotional suffering of Plaintiff in that these actions treated Plaintiff

15  as an inferior and second class citizen and served to discriminate against him on the sole basis

16  that he is a person with disabilities. As a homeowner in San Francisco, plaintiff will have

17  repeated dealings with the Department, and will be unable to achieve equal access so long as

18  such acts and omissions of defendant continue. The acts of defendant have proximately caused

19  irreparable injury to Plaintiff and will continue to cause irreparable injury to other disabled

20  persons if not enjoined by this Court.

21  20.    To the date of filing this Complaint, the specified public programs, services, and

22  activities continue to be inaccessible for use by physically disabled persons such as Plaintiff.

23  Plaintiff requests that an injunction be ordered requiring that defendant take prompt action to

24  modify the aforementioned Department policies to render the Department programs, services,

25  and activities accessible to and usable by Plaintiff, and thereby make its programs, services, and

26  activities available to and usable by all disabled persons.

27  Wherefore, Plaintiff prays the Court grant relief as requested herein below.

28

LAW OFFICE OF
JULIE A. OSTIL
2010 Crow Canyon Place
Suite 100
San Ramon, CA 94583
925.265.8257
www.ostillaw.com

**Complaint for Injunctive Relief and Damages**    6

1

2

## SECOND CAUSE OF ACTION:
## VIOLATION OF § 504 OF THE REHABILITATION ACT OF 1973

3

4

21. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in Paragraphs 1 through 20 of this complaint.

5

6

7

8

9

10

11

12

22. Public entity defendant City and County of San Francisco is a governmental entity existing under the laws of the State of California with responsibility for, *inter alia*, the described public programs, services, and activities, including but not limited to the Department of Building Inspection. Plaintiff is informed and believes and therefore alleges that defendant City and County of San Francisco is and has been at all relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations and/or maintenance of the specific public programs, services, and activities described herein.

13

14

15

23. By its actions or inactions in denying disabled access to the public programs, services, and activities specified herein, defendant has violated Plaintiff's rights under § 504 of the Rehabilitation Act of 1973, 29 USC § 794, and the regulations promulgated thereunder.

16

17

18

19

20

21

22

23

24

25

26

27

24. By its actions or inactions in denying Plaintiff Robert Cruz, a disabled person, his rights to have "full and equal" access to the same programs, activities, services, and environment as non-disabled persons, and by otherwise discriminating against Plaintiff solely by reason of his physical disability, defendant has violated Plaintiff's rights under § 504 of the Rehabilitation Act of 1973 and the regulations promulgated thereunder. Plaintiff seeks damages for denial of his civil rights, for intentional interference with his right to accessible programs, services and activities, and for resulting physical, mental and emotional injury, all to his damages according to proof. Further, Plaintiff seeks injunctive relief, requesting that the Court order defendant to correct the policies complained of herein so that he and other disabled persons will not face discrimination in the future in accessing the public programs, services, and activities offered by defendant on the same basis as non-disabled persons, and seeks recovery of damages, statutory attorney fees, litigation expenses and costs.

28

LAW OFFICE OF
JULIE A. OSTIL
2010 Crow Canyon Place
Suite 100
San Ramon, CA 94583
925.265.8257
www.ostillaw.com

**Complaint for Injunctive Relief and Damages**                                                    7

C:\Users\OWNER\Documents\work\ostil law office\cases\S\San Francisco DBI (Housing Inspector)\pleadings\sf dbi complaint.doc

25.     Plaintiff has no adequate remedy at law and, unless the relief requested herein is

granted, Plaintiff and other disabled persons will continue to suffer irreparable injury by the

deprivation of meaningful access and accommodation at the subject public services, programs,

and activities operated by defendant.

Wherefore, Plaintiff prays the Court grant relief as requested below.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE**
**§§ 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS**
**INCORPORATED BY CIV. CODE § 51(f)**

26.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

factual allegations contained in Paragraphs 1 through 25 of this complaint.

27.     At all times relevant to this complaint, California Civil Code section 51 has

provided that physically disabled persons are free and equal citizens of the state, regardless of

medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter
> what their sex, race, color, religion, ancestry, national origin, disability, or
> medical condition are entitled to the full and equal accommodations, advantages,
> facilities, privileges, or services in all business establishments of every kind
> whatsoever. Cal. Civ. C. § 51(b).

California Civil Code Section 52 provides that the discrimination by defendant

against Plaintiff on the basis of his disability constitutes a violation of the general anti-

discrimination provision of sections 51 and 52.

28.     Defendant's discrimination constitutes a separate and distinct violation of

California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or
> distinction contrary to section 51, 51.5, or 51.6 is liable for each and every
> offense for the actual damages, and any amount that may be determined by a
> jury, or a court sitting without a jury, up to a maximum of three times the amount
> of actual damage but in no case less than four thousand dollars ($4,000), and any
> attorney's fees that may be determined by the court in addition thereto, suffered
> by any person denied the rights provided in Section 51, 51.5, or 51.6.

LAW OFFICE OF
JULIE A. OSTIL
2010 Crow Canyon Place
Suite 100
San Ramon, CA 94583
925.265.8257
www.ostillaw.com

**Complaint for Injunctive Relief and Damages**                                      8

C:\Users\OWNER\Documents\work\ostil law office\cases\f\San Francisco DIH (Housing Inspector)\pleadings\sf dls complaint.doc

1    29.    The actions and omissions of defendant as herein alleged constitute a denial of

2  access to and use of the described public services by physically disabled persons within the

3  meaning of California Civil Code sections 51 and 52. As a proximate result of defendant's

4  action and omissions, defendant has discriminated against Plaintiff in violation of California

5  Civil Code sections 51 and 52.

6    30.    Any violation of the Americans With Disabilities Act of 1990 (as pled in the

7  First Cause of Action) also constitutes a violation of section 51(f) of the California Civil Code,

8  thus independently justifying an award of damages and injunctive relief pursuant to California

9  law. Per section 51(f), "A violation of the right of any individual under the Americans With

10  Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

11    31.    Plaintiff has no adequate remedy at law and, unless the relief requested herein is

12  granted, Plaintiff and other disabled persons will continue to suffer irreparable harm as a result

13  of defendant's failure to fulfill its obligations to provide meaningful access to the subject public

14  services.

15    32.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any

16  continuing refusal by defendant to grant full and equal access to Plaintiff in the respects

17  complained of and to require defendant to comply forthwith with the applicable statutory

18  requirements relating to access for disabled persons. Such injunctive relief is provided for by

19  California Civil Code §§ 51 *et seq.* California Civil Code section 52 provides that whoever

20  discriminates contrary to sections 51, 51.5, or 51.6 is liable for each offense for the actual

21  damages and any amount as may be determined by a court or jury up to a maximum of three

22  times the amount of actual damage, but in no case less than $4,000, and such attorney fees that

23  may be determined by the Court in addition thereto. Plaintiff alleges that defendant failed to

24  provide legally required full and equal access to its services and further requests that the Court

25  award damages pursuant to Civil Code § 52 and attorney fees, litigation expenses and costs

26  pursuant to Civil Code § 52(a), Code of Civil Procedure § 1021.5 and other law, all as

27  hereinafter prayed for.

28

LAW OFFICE OF
JULIE A. OSTIL
2010 Crow Canyon Place
Suite 100
San Ramon, CA 94583
925.263.8257
www.ostillaw.com

Complaint for Injunctive Relief and Damages                                  9

1    33.   **DAMAGES:** As a result of the denial of equal access to these services and

2 accommodations, and due to the knowing and intentional acts and omissions of defendant,

3 Plaintiff suffered multiple violations of his civil rights, including but not limited to rights under

4 Civil Code §§ 51 and 52, all to his damages per Civil Code § 52(a), as hereinafter stated.

5 Defendant's actions and omissions to act constitute discrimination against Plaintiff on the sole

6 basis that he was and is physically disabled and unable, because of the policies and practices

7 carried out by defendant, to use these public facilities on a full and equal basis as other persons.

8    34.   **FEES AND COSTS:** As a result of defendant's acts, omissions and conduct,

9 Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by

10 statute in order to enforce Plaintiff's rights and to enforce provisions of the law protecting

11 access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff

12 therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant

13 to the provisions of California Civil Code §§ 54.3 and 55, *et seq*. Additionally, Plaintiff's

14 lawsuit is intended to require that defendant make its facilities and policies accessible to all

15 disabled members of the public, justifying "public interest" attorney fees, litigation expenses

16 and costs pursuant to the provisions of California Code of Civil Procedure §1021.5 and other

17 applicable law.

18    Wherefore, Plaintiff prays the Court grant relief as requested, herein below.

**FOURTH CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: SECTIONS 54 and 54.1, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CALIFORNIA CIVIL CODE SECTIONS 54(c) AND 54.1(d)**

23    35.   Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

24 factual allegations contained in Paragraphs 1 through 34 of this complaint.

25    36.   At all times relevant to this Complaint, California Civil Code section 54.1 has

26 provided that physically disabled persons are not to be denied "full and equal access" because of

27 physical handicap or disability:

28    . . . [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities

**Complaint for Injunctive Relief and Damages**    10

1
2
3
4

and privileges of all common carriers, airplanes, motor vehicles.... or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

5
6
7
8

The discrimination by defendant against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provision of California Civil Code sections 54 and 54.1.

9
10
11
12
13
14
15
16

37.     Plaintiff is informed and believes and therefore alleges that the specified public services, programs, activities and accommodations offered and maintained by defendant the City and County of San Francisco are "accommodations and advantages" within the meaning of California law. The knowing and intentional actions and omissions of defendant as herein alleged constitute a denial of access to and use of the described public accommodations and advantages by physically disabled persons within the meaning of California law. As a proximate result of defendant's action and omissions, defendant has discriminated against Plaintiff in violation of California Civil Code sections 54 and 54.1.

17
18
19
20
21
22

38.     Any violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action) also constitutes a violation of sections 54 (c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law. Plaintiff alleges that he has been denied such full and equal access as required by California law which incorporates Title II of the ADA, including but not limited to section 204.

23
24
25
26

39.     Plaintiff has no adequate remedy at law and, unless the relief requested herein is granted, Plaintiff and other disabled persons will continue to suffer irreparable harm as a result of defendant's failure to fulfill its obligations to provide full and equal access to the subject public facilities.

27
28

40.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendant to grant full and equal access to Plaintiff in the respects

LAW OFFICE OF
JULIE A. OSTIL
2010 Crow Canyon Place
Suite 100
San Ramon, CA 94583
925.265.8257
www.ostillaw.com

**Complaint for Injunctive Relief and Damages**                                                          11

1 complained of and to require defendant to comply forthwith with the applicable statutory
2 requirements relating to access for disabled persons. Such injunctive relief is provided for
3 causing a denial of rights by disabled persons, by California Civil Code § 54, *et seq.* California
4 Civil Code section 54.3 provides that any person or corporation who denies or interferes with
5 admittance to or enjoyment of the public facilities as specified in sections 54 and 54.1 or
6 otherwise interferes with the rights of an individual with a disability is liable for each offense
7 for the actual damage and any amount as may be determined by a court or jury up to a
8 maximum of three times the amount of actual damage but in no case less than $1,000 and such
9 attorney fees that may be determined by the Court in addition thereto. Plaintiff alleges that
10 defendant failed to provide legally required access to its Department of Building Inspection
11 programs and further requests that the Court award damages pursuant to Civil Code § 54.3 and
12 attorney fees, litigation expenses and costs pursuant to Civil Code §§ 54.3 and 55, Code of Civil
13 Procedure § 1021.5 and other law, all as hereinafter prayed for.

14     41. **DAMAGES:** As a result of the denial of equal access to these facilities and due
15 to the acts and omissions of defendant in owning and operating the subject facilities in a
16 knowingly and intentionally discriminatory manner, Plaintiff suffered multiple violations of his
17 civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, all to his
18 damages per Civil Code §54.3, as hereinafter stated. Defendant's actions and omissions to act
19 constitute discrimination against Plaintiff on the sole basis that he was and is physically
20 disabled and unable, because of defendant's policies and practices, to use these public
21 accommodations on a full and equal basis as other persons.

22     42. **FEES AND COSTS:** As a result of defendant's acts, omissions and conduct,
23 Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by
24 statute in order to enforce Plaintiff's rights and to enforce provisions of the law protecting
25 access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff
26 therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant
27 to the provisions of California Civil Code §§ 54.3 and 55 and California Government Code §§
28 4450, *et seq.* Additionally, Plaintiff's lawsuit is intended to require that defendant make its

1  facilities and policies fully accessible to all disabled members of the public, justifying "public

2  interest" attorney fees, litigation expenses and costs pursuant to the provisions of California

3  Code of Civil Procedure § 1021.5 and other applicable law.

4      Wherefore, Plaintiff prays the Court grant relief as requested, herein below.

5

6                           **FIFTH CAUSE OF ACTION:**
   **VIOLATION OF CALIFORNIA GOVERNMENT CODE § 11135,**
7              **DISCRIMINATION UNDER PROGRAM RECEIVING**
                **FINANCIAL ASSISTANCE FROM THE STATE**
8

9      43.    Plaintiff repleads and incorporates by reference as if fully set forth herein the

10 allegations contained in Paragraphs 1 through 42 of this Complaint.

11     44.    On information and belief, the administration, supervision and maintenance by

12 defendant of the programs and services that are the subject of the action are funded in part by

13 the State of California.

14     45.    Defendant has failed to make its programs, services and activities readily

15 accessible to and useable by disabled persons in violation of California Government Code §§

16 11135, *et seq.* Government Code § 11135 states:

17          No person in the State of California shall, on the basis of ethnic group
            identification, religion, age, sex, color, or disability, be unlawfully denied the
18          benefits of, or be unlawfully subjected to discrimination under, any program or
            activity that is funded directly by the state or receives any financial assistance
19          from the state. With respect to discrimination on the basis of disability, programs
            and activities subject to subdivision (a) shall meet the protections and
20          prohibitions contained in Section 202 of the Americans With Disabilities Act of
            1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in
21          implementation thereof, except that if the laws of this state prescribe stronger
            protections and prohibitions, the programs and activities subject to subdivision
22          (a) shall be subject to the stronger protections and prohibitions.
23

24     46.    Plaintiff has no adequate remedy at law and, unless the requested relief is

25 granted, Plaintiff and other disabled persons will suffer irreparable harm in that they will

26 continue to be discriminated against and denied access to and accommodation within the subject

27 facilities, and denied the benefits of the "programs, services and activities" offered to the

28 general public. Further, Plaintiff suffered damages, as specified, as the result of denial of his

LAW OFFICE OF
JULIE A. OSTIL
2010 Crow Canyon Place
Suite 100
San Ramon, CA 94583
925 265 8257
www.ostillaw.com

**Complaint for Injunctive Relief and Damages**                                     13

C:\Users\OWNER\Documents\work\ostil law office\cases\S\San Francisco DBI (Housing Inspector)\pleadings\of dbi complaint.doc

1  civil rights when he tried to use these programs, services, and activities and when he was

2  deterred from using these programs, services, and activities, according to proof. Because

3  Plaintiff seeks improvement of access for similarly situated physically disabled persons, which

4  will benefit a significant portion of the public, Plaintiff seeks attorney fees, litigation expenses

5  and costs pursuant to California Code of Civil Procedure § 1021.5, as to this cause of action and

6  as to all causes of action in this complaint that seek injunctive relief.

7       Wherefore, Plaintiff prays the Court grant relief as requested herein below.

8

9                          **PRAYER FOR RELIEF**

10      WHEREFORE, Plaintiff prays that this Court:

11  1.      Issue a preliminary and permanent injunction directing defendant to modify the

12  defendant's programs, services, and activities, so that they provide full and equal access to

13  physically disabled persons;

14  2.      Retain jurisdiction over defendant until such time as the Court is satisfied that

15  defendant's unlawful policies, practices, acts and omissions complained of herein no longer

16  exist, and will not recur;

17  3.      Grant a jury trial and award to Plaintiff all appropriate damages in an amount to

18  be proved at trial, including compensatory, statutory, and treble damages;

19  4.      Award to Plaintiff all costs of this proceeding and award all statutory remedies

20  including statutory attorney fees, litigation expenses and costs, as provided by law;

21  5.      Award prejudgment interest pursuant to Civil Code § 3291; and

22  6.      Grant such other and further relief as this Court may deem just and proper.

23

24  Dated: June 4, 2010                              JULIE A. OSTIL
                                                     LAW OFFICE OF JULIE A. OSTIL
25

26

27                                                   Attorney for Plaintiff
                                                     ROBERT CRUZ
28

LAW OFFICE OF
JULIE A. OSTIL
2010 Crow Canyon Place
Suite 100
San Ramon, CA 94583
925.265.8257
www.ostillaw.com

C:\Users\OWNER\Documents\work\ostil law office\cases\San Francisco DBI (Housing Inspector)\pleadings\sf dbi complaint.doc

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

3

Dated: June 4, 2010                                          JULIE A. OSTIL
                                                                          LAW OFFICE OF JULIE A. OSTIL

4

5

6                                                                            Attorney for Plaintiff
                                                                          ROBERT CRUZ

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF
JULIE A. OSTIL
2010 Crow Canyon Place
Suite 100
San Ramon, CA 94583
925.265.8257
www.ostillaw.com

**Complaint for Injunctive Relief and Damages**                                                    15

C:\Users\OWNER\Documents\work\ostil law office\cases\San Francisco DB1 (Housing Inspector)\pleadings\sf db1 complaint.doc